IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MEDICAL QUANT USA, INC. dba Multi Radiance Medical, | ) CASE NO. 1:16-CV-2081 ) ) |
| Plaintiff, | ) ) JUDGE DONALD C. NUGENT |
| vs. | ) ) |
| PATRICK KARNS, | ) ) **MEMORANDUM AND OPINION** |
| Defendant. | ) |

This matter is before the Court upon Defendant's, Patrick Karns,' (hereafter "Mr. Karns"), Motion to Dismiss, or, in the alternative, to Stay Proceedings. (ECF #10). Plaintiff, Medical Quant USA, Inc., dba Multi Radiance Medical, (hereafter "MRM") filed a Brief in Opposition (ECF #14), and Mr. Karns filed a Reply Brief. (ECF #16).[1] The issues have been fully briefed and are ripe for review.

For the reasons set forth in this Memorandum, Mr. Karn's Motion (ECF #10) is DENIED.

I.  FACTUAL BACKGROUND[2]

Mr. Karns has been a resident of the State of Colorado since 1994. (ECF #10-1). MRM is an Ohio corporation that markets, sells and distributes consumer and professional therapeutic

---

[1] Mr. Karns also filed a Notice of Supplemental Authority (ECF #17) to which MRM filed a Reply (ECF #18).

[2] The facts as stated in this Memorandum and Opinion are taken from MRM's Complaint and Mr. Karn's Motion to Dismiss, and should not be construed as findings of this Court. In a motion to dismiss, the court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff.

medical devices, equipment and supplies. (ECF #10-2). On or about May 21, 2012, Mr. Karns and MRM signed an employment agreement whereby MRM hired Mr. Karns as the "Western U.S. Sports-Rehab Sales Manager," responsible for selling medical lasers. (*Id.*). Section 6 of the Agreement, titled "Covenants of the Employee," provides the following:

> 6.1 Employee shall, at all times, keep secret and inviolate all Trade Secrets to parties other than the Company or the improper use thereof will cause serious and irreparable injury to the Company.
>
> .....
>
> 6.2 Employee agrees that during the term of this Agreement and for a period of thirty-six (36) months following the termination of this Agreement with or without cause...he will not engage in the Business in the laser-light pain relief therapy and or low-level laser aesthetic applications industries within any County or State or Country where Company has conducted or may hereafter conduct any activities...

(*Id.* at PageID #218-219).

Finally, Section 11 of the Agreement provides "[t]his Agreement (a) shall be governed by and interpreted in accordance with the local laws of the State of Ohio..." (*Id.* at PageID #220).

Mr. Karns worked for MRM in this capacity as Sales Manager until he was terminated on November 22, 2015. (ECF #10-1, PageID #213).

Sometime in 2016, Mr. Karns took a sales position with a company called BD Sigma International Trading, Ltd., (hereafter "Sigma"), which also distributed medical lasers. (ECF #10, PageID #198). On June 2, 2016, MRM's legal counsel sent Mr. Karns a letter indicating that his employment with Sigma violates the Agreement he signed with MRM, and demanded that Mr. Karns refrain from selling or distributing medical lasers for a period of 36 months, as per the Agreement. (ECF #10-3). Shortly thereafter, litigation over the terms of the Agreement began.

II. PROCEDURAL BACKGROUND

There are currently two separate legal actions pending as it relates to the terms and enforcability of the Agreement signed by the parties in the case herein.

A. Colorado Action - State Court

On June 24, 2016, Mr. Karns filed a Complaint for Declaratory Judgment against MRM in state District Court in Jefferson County, Colorado, (hereafter "Colorado action").[3] (See ECF #10-5). Mr. Karns asked the court in this case to declare the following:

1. that the Ohio choice of law provision within the employment agreement is unenforceable and Colorado law should apply;

2. that the Agreement's covenant not to compete is unenforceable under Colorado law C.R.S. § 8-2-113(2); and

3. that the Agreement's covenant not to compete is unenforceable under Ohio law as it imposes a restraint upon Mr. Karns greater than what is needed to protect MRM, imposes an undue hardship upon Mr. Karns and injury to the public because it seeks to eliminate ordinary competition.

(ECF #10-5.)

On August 16, 2016, MRM filed an Answer and Counterclaim against Mr. Karns, alleging that the Agreement contained a covenant not to compete for 36-months after termination, and that the language of the Agreement makes clear that it is governed by Ohio law. (See ECF #10-7). MRM also asked the Colorado Court declare that jurisdiction and venue lie in Ohio, and to transfer the case to Ohio. (*Id.*).

---

[3] This lawsuit is designated Karns v. Medical Quant USA, Inc, an Ohio Corporation, d/b/a Multi Radiance Medical, Civil Action No. "2016CV30995."

On September 16, 2016, MRM filed a Motion to Stay the proceedings in the Colorado action,[4] which was denied on November 2, 2016. (ECF #17-1).

    B.    <u>Ohio Action - Federal Court</u>

On June 30, 2016, MRM filed a Complaint for Injunctive Relief and Compensatory Damages against Mr. Karns in the Court of Common Pleas, Cuyahoga County, Ohio.[5] (ECF #10-8). This Complaint alleges that Mr. Karns has breached the non-compete clauses of the Agreement and asks the Court to enjoin Mr. Karns from working for competitors for three years. (*Id.*). On August 18, 2016, Mr. Karns filed a Notice of Removal with this Court on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a) and (c). (ECF #1). MRM then filed a Motion to Remand this case to the Court of Common Pleas in Cuyahoga County, which Mr. Karns opposed. (See ECF #3 and #5). Mr. Karns filed an Answer on August 25, 2016. (ECF #4). On September 12, 2016, this Court denied MRM's Motion to Remand and scheduled a Case Management Conference for September 23, 2016. (ECF #9). Also on September 12, 2016, Mr. Karns filed the Motion to Dismiss or Stay Proceedings that is at issue herein.

III.    <u>LEGAL ANALYSIS</u>

    A.    <u>Standard of Review</u>

Mr. Karns has filed a Motion to Dismiss or Stay, which is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. On a motion brought under Rule 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing

---

[4]    Mr. Karns filed a Response and MRM filed a Reply to this Motion to Stay. (See ECF #17-1, PageID #353).

[5]    This lawsuit is designated Medical Quant USA, Inc. Dba Multi Radiance Medical, Case No. "CV16 865546."

in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). The Sixth Circuit has also held that a reviewing court may consider "exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).[6] In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (*quoting Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).

B.  Discussion

Mr. Karns argues that this Court should dismiss or stay the within matter until the Colorado action is resolved, relying upon the abstention doctrines set forth by the United States Supreme Court in the cases of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976*)* and *Younger v. Harris*, 401 U.S. 37 (1971). MRM argues that neither *Colorado River* nor *Younger* apply herein to warrant a ruling by this Court to dismiss or stay these proceedings. This Court agrees with MRM's arguments and therefore Mr. Karn's motion is DENIED.

In *Colorado River*, the Supreme Court held that a federal court, in limited circumstances, may refrain from exercising its jurisdiction over a matter in deference to a nearly identical state court action in three specific circumstances:

---

[6] Documents attached to a motion to dismiss may be considered without converting a Rule 12(b)(6) motion into a Rule 56 motion, therefore, this Court need not address MRM's argument that Mr. Karns' motion should be converted to a motion for summary judgment. *See, e.g., Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2d 914 (N.D.Ohio 2009)(*citation omitted*).

> (a) cases presenting a federal constitutional issue, which might be mooted or presented in a different posture by state court determination of pertinent state law;
>
> (b) cases presenting difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar; and
>
> (c) cases where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings.

(*Id.* at 814-16).

The *Colorado River* Court made it clear, however, that "the pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (*Id.* at 817). Furthermore, the Court explained that abstention from the exercise of federal jurisdiction "is the exception, not the rule," and that abdication of the obligation to decide cases can be justified under this doctrine only in "exceptional circumstances." (*Id.* at 813).

The parties agree that since there is no federal constitutional issue or a state criminal proceeding pending, the first and third exceptions identified by the *Colorado River* case do not apply herein. Mr. Karns argues that this matter falls under the second exception in that it presents "difficult questions of state law bearing on policy problems of substantial public import." (*Id.* at 814). This Court does not agree with this argument.

Mr. Karns signed an employment Agreement with MRM that clearly provided an Ohio choice of law provision and set forth covenants not to compete for 36 months following the termination of his employment with MRM. Under Ohio law, courts should apply the law of the state chosen by the parties to a contract to govern their contractual rights and duties. *See, e.g., Extracorporeal Alliance, L.L.C. v. Rosteck*, 285 F.Supp.2d 1028 (N.D.Ohio Sept. 5,

2003)(*citations omitted*). Furthermore, the law in Ohio has long recognized the validity of reasonable non-compete clauses necessary to protect an employer's legitimate interests within employment contracts. *See, e.g., Raimonde v. Van Vlerah*, 42 Ohio St.2d 21, 325 N.E.2d 544 (1975).[7] The Agreement presents neither complex nor difficult questions of state law, nor does the result of this lawsuit bear on public policy problems of substantial import. *See Colorado River*, 424 U.S. at 814. Rather, the Agreement contains well-established clauses used routinely within employment contracts in Ohio. For these reasons, this Court finds that none of the abstention doctrines of *Colorado River* apply to justify abstention of jurisdiction.

Having found that none of the three *Colorado River* abstention categories apply herein, this Court must now conduct a two-step analysis to determine if it should defer to the state court in which parallel jurisdiction pends. *See Phillip Diniaco & Sons v. Max. J. Colvin & Sons Trucking*, 865 F.2d 1269 (6th Cir. 1988)(*citations omitted*). The parties both agree as to the result of the first step, which questions whether the actions are parallel. (See ECF #10 p. 7-8; ECF #14, p.9)(both parties indicating that the two cases concern the validity and enforceability of the non-compete provision within the Agreement). As to the second step in the analysis, the *Colorado River* court identified eight factors a district court "must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir.2001) (*citing Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir.1998)). These are:

> (1) whether the state court has assumed jurisdiction over any res or property;

---

[7] At this time, this Court refrains from evaluating with specificity whether the non-compete clause at issue herein is valid or enforceable.

> (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; ... (4) the order in which jurisdiction was obtained[;] ... (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* (quoting *Romine*, 160 F.3d at 340–41).

It has been established that a court is not to treat these factors as a checklist; rather, certain factors should be accorded more or less weight depending on the nuances of a particular case with "the balance heavily weighted in favor of the exercise of jurisdiction." *See CLT Logistics v. River West Brands*, 777 F.Supp.2d 1052, 1059 (E.D. Mich Mar. 4, 2011)(*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.,* 460 U.S. 1, 16, 103 S.Ct. 927 (1983)). The Supreme Court has stated that "our task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court, rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice...to justify the surrender of that jurisdiction." *PaineWebber, Inc.*, 276 F.3d at 208 (*quotation omitted*). Doubts as to whether a particular factor exists in the abstention determination should be resolved against a stay. *(See Colorado River*, 424 U.S. at 819).

This Court will evaluate each factor and determine whether they weigh in favor of, or against, abstention.

1. <u>Whether the Colorado Court has Assumed Jurisdiction over any *Res* or Property</u>

This Court does not agree with Mr. Karns' argument that because no *res* or property is at issue herein, this first factor is "neutral." This Court will follow decisions from the Northern

-8-

District and Sixth Circuit which have found that in cases where "no property is at issue between the parties, this first *Colorado River* factor is inapposite, supporting the exercise of jurisdiction by the federal court." See *PaineWebber*, 276 F.3d at 207; *Finch v. Thomas Asphalt Paving Co.*, 252 F.Supp.2d 459 (N.D.Ohio 2002). Therefore, this factor weighs against abstention.

2. <u>Whether the Forum in Less Convenient to the Parties</u>

Mr. Karns asks this Court to rule that this forum is "less convenient to the parties since the majority of evidence and witnesses are in Colorado." (ECF #10, PageID#205). However, Mr. Karns does not indicate what evidence or which witnesses are actually located in Colorado, or how these sources of evidence will support his claim that the non-compete clause within the Agreement is invalid. Mr. Karns does mention that clients he serviced for MRM are in Colorado and the western U.S. (*See* ECF #10, page ID #205). However, it is unclear why Mr. Karns believes these previously held MRM clients would be relevant witnesses in determining whether the non-compete clause in the Agreement is valid and enforceable going forward.

Rather, it appears that most of the physical evidence and key witnesses in this case are located within the Cleveland area. MRM's offices are located in Solon, Ohio, and MRM's officials, board members and decision-makers are also in Ohio. (ECF #14-1) This includes Mr. Karns' immediate supervisor. (*Id.*). The Agreement was negotiated and signed by Mr. Karns in Ohio, and Mr. Karns received ongoing training regarding the medical devices, proprietary treatment protocols and MRM's sales techniques in Ohio. (*Id.*). All of Mr. Karn's sales were processed in Ohio and his paychecks were issued from Ohio. (*Id.*). Therefore, because this forum

is more geographically convenient to the majority of the relevant evidence and witnesses that are likely to be utilized in the litigation of this matter, this factor weighs against abstention.

       3.      <u>Whether Abstention will Avoid Piecemeal Litigation</u>

When evaluating this factor, a Court must determine whether abstention will avoid piecemeal litigation that may occur when different courts adjudicate the same issues. *Romine*, 160 F.3d at 341 (*citation omitted*). However, "concurrent parallel actions alone do not present the danger of piecemeal litigation needed in order to grant abstention" because the rule is that "the pendency of an action in the state court is no bar to the proceedings concerning the same matter in the federal court having jurisdiction." *Focus Radio, Inc. v. Summit Radio, Inc.*, 853 F.Supp. 252, 256 (E.D.Mich. 1994)(*citing Colorado River*, 424 U.S. at 817).

The Sixth Circuit has held that the most important test prescribed by *Colorado River* in this regard involves considering whether there is a clear federal policy evidencing the avoidance of piecemeal litigation found within the statutory scheme at issue. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 467 (6th Cir.2009). Absent such clear federal policy in favor of deferring jurisdiction, any doubt should be resolved in favor of the federal court exercising jurisdiction. *Finch*, 282 F.Supp.2d at 463.

In this case, there is no federal policy or statute governing this matter that expressly instructs against piecemeal litigation. Rather, the claims of the parties involve ordinary breach of contract claims relating to non-compete clauses within the Agreement. While this Court acknowledges the similarities between the parallel Ohio and Colorado cases, it does not find that

any "exceptional circumstance" exists that warrants abstention. *Finch*, 252 F.Supp.2d 459, 463 (*quoting Colorado River*, 424 U.S. at 817).

    4.    <u>The Order in Which Jurisdiction was Obtained and Progress of Litigation</u>

Mr. Karns filed his lawsuit against MRM in Colorado on June 24, 2016, and MRM filed the Ohio lawsuit against Mr. Karns six days later, on June 30, 2016. Priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions. *PaineWebber*, 276 F.3d at 207 (*quoting Moses*, 460 U.S. at 21). MRM moved to stay the Colorado case on September 16, 2016, and Mr. Karns filed this Motion to Dismiss or Stay in this Court on September 12, 2016. These two lawsuits appear to be progressing at similar speeds, or arguably, this federal case is progressing more quickly.[8] It certainly cannot be said that the Colorado state case is "considerably more advanced in its progress" than the case in this Court, which may have provided a basis for deferring jurisdiction. *See, e.g., Romine*, 160 F.3d at 341-42. Therefore, since each case is roughly at the same, early stage of litigation, this factor weighs against abstention.

    5.    <u>Whether the Source of Governing Law State or Federal</u>

State law issues govern the claims in this case, which are ordinary breach of contract and equitable claims. This abstention factor is only relevant when "substantive federal law is involved or where there exists a novel and difficult state law question." *Finch*, at 464 (*citation omitted*). This Court has held that when the state law is not novel or difficult, but a more routine matter of

---

[8] It should be noted that the parties attended a Case Management Conference with this Court on September 23, 2016, the case has been assigned to the standard track, and the discovery cutoff is April 2017. (ECF #15).

-11-

negligence, it does not provide a basis by which the federal court can justify deferring the exercise of jurisdiction. *See, e.g., Frame v. Humility of Mary Health Partners*, 2009 WL 1659138, at *5 (N.D.Ohio June 12, 2009)(*citation omitted*). Therefore, this factor weighs against abstention.

6. <u>Whether the Rights of the Parties will be Adequately Protected</u>

The adequacy of the Colorado state court to protect the federal rights of either party is not an issue herein, therefore, this factor weighs against abstention.

7. <u>The Presence or Absence of Concurrent Jurisdiction</u>

This factor is not relevant in this case because concurrent jurisdiction is typically discussed only where the case involves a federal cause of action. (*See Moses*, 460 U.S. at 26; *Romine*, 160 F.3d at 342). However, the parties have agreed that concurrent jurisdiction exists, the presence of which does not necessarily weigh in favor of exercising jurisdiction or abstention, and therefore leans against abstention. *See, e.g., Red Roof Inns, Inc. v. A.C. Furniture Co.*, 2012 WL 628541, at *8 (S.D. Ohio Feb. 27, 2012).

On balance, this Court concludes that the circumstances present herein do not rise to the level of "exceptional circumstances" or present the "clearest justification" necessary to overcome the Court's obligation to exercise federal jurisdiction. *See Finch v. Thomas Asphalt Paving Co.*, 252 F.Supp2d. 459, 466 (N.D.Ohio 2002). Therefore, this Court will retain jurisdiction over this matter based upon the *Colorado River* doctrine.

Mr. Karns also argues that this Court should abstain from this matter based upon the *Younger* doctrine, which generally holds that a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are

-12-

present. *Younger*, 401 U.S. at 44-45. Abstention is considered appropriate if the state proceedings are on-going; the state proceedings implicate important state interests; and the state proceedings afford an adequate opportunity to raise federal questions. *See Borkowski v. Fremont Inv. and Loan of Anaheim, Cal.*, 368 F.Supp.2d 822 (N.D.Ohio 2005)(*citation omitted*). The *Younger* case also provides that abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44. However, as is the case with *Colorado River* abstention doctrines, *Younger* holds that only exceptional circumstances justify a federal court's refusal to decide a case in deference to a state court. *See, e.g., Whittiker*, 605 F.Supp.2d at 922.

As this Court has already outlined, this matter concerns an employment Agreement entered into between the parties for their mutual benefit. The issues herein do not meet the three criteria necessary in order for abstention to be appropriate under the *Younger* doctrine. While a state proceeding is in fact ongoing, this Court does not find an important state interest is involved as to whether the non-compete clauses within the Agreement are enforced. Furthermore, retaining jurisdiction over this matter does not unduly interfere with the legitimate activities of the Colorado case. Therefore, this Court finds no exceptional circumstances the justify a refusal to decide this case in deference to the Colorado action. *See, e.g. New Orleans Pub. Serv. Inc. v. Counsel of City of New Orleans*, 491 U.S. 350, 368, 109 S.Ct. 2506 (1989)(*citing Colorado River*, 424 U.S. at 817).

III. <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant's Motion to Dismiss, or in the Alternative, to Stay Proceedings (ECF #10) is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 28, 2016